resulted in many collisions and was changed by statutory enactment. Section 25 of the Act of June 30, 1919, P. L. 678, provided that "when two vehicles approach the intersection of two public highways at the same time the vehicle approaching from the right shall have the right of way." This section means simply that "where the paths of two approaching vehicles cross at intersections of the public streets, the driver on the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing and thus, in all probability, avoid a collision:" Weber v. Greenebaum, 270 Pa. 382, 385. According to the uncontroverted testimony of the plaintiff, his automobile collided with defendant's motorcycle just as he was starting to turn on to the Pittsburgh Road, and in such a way that it was virtually a head-on collision. They arrived at the point of intersection of these two roads at substantially the same time. Moreover, section 25 of said Act of 1919 also provided that "at the intersection of public highways the operator of a motor-vehicle . . . shall pass to the right of such intersection before turning to the left." The plaintiff, however, according to the testimony of his own witnesses, before he had reached the intersection of the centre lines of these two intersecting streets, turned to the left, so that he was, at the time of the collision, close to the left curb-line of the Pittsburgh Road. Had plaintiff continued on Main Street until he had passed the intersection of the centre lines of these two streets before turning to the left, which the defendant had a right to assume that he would do (Bell v. Jacobs, 261 Pa. 204; Brown v. Lynn, 31 Pa. 510; Reeves v. D., L. & W. R. R. Co., 30 Pa. 454), it is clear that defendant would have first reached the point where their paths of travel, under the statutory law of the road, would have crossed each other. Hence, the defendant, driving his motorcycle on the right, had the right of way, and plaintiff, approaching from the left, in attempting to cross in front of defendant's motorcycle, was guilty of contributory negligence, and, therefore, not entitled to recover.

### Decree.

And now, April 10, 1922, the above stated case came on to be heard upon motion for judgment n. o. v., and was argued; whereupon, upon consideration thereof and for the reasons set forth in the foregoing opinion, it is ordered, adjudged and decreed that judgment be entered against the plaintiff and in favor of the defendant, notwithstanding the verdict.

From Harry D. Hamilton, Washington, Pa.

---

## Commonwealth v. Leary.

*Automobile Act—Criminal law—Waiver of hearing before magistrate— Mandamus.*

1. One charged with violation of the Automobile Acts of June 30, 1919, P. L. 678, and May 16, 1921, P. L. 582, may waive a hearing before the magistrate and give bond for his appearance at court.

2. If in such case the magistrate refuses to permit the waiver of a hearing, the court will, upon petition of the district attorney, issue a peremptory mandamus, requiring him to do so upon adequate bond being given.

Petition for mandamus. C. P. Delaware Co., March T., 1922, No. 956.

The petition filed on the relation of the district attorney fully states the facts and is as follows:

1. That William J. Leary is the duly elected and qualified alderman for the 8th Ward of the City of Chester, county aforesaid, and is serving as such.

2. That on March 17, 1922, D. Harvey Sykes, constable of the said city, appeared before the said alderman, William J. Leary, and made formal complaint against one Harold Thomas Aucott, charging him with violating, on March 11, 1922, in the City of Chester, the provisions of section 20 of the Motor Vehicle Act of June 30, 1919, P. L. 678, as amended by the Act of May 16, 1921, P. L. 582. A copy of said complaint is hereto attached and made a part of this petition and marked "Exhibit A."

3. That on or about March 23, 1922, the said Harold Thomas Aucott received by mail from the said Alderman Leary a notice to appear before him for a hearing on the said charge on March 25, 1922, at 10 o'clock A. M. A copy of the said notice is hereto attached, made a part of this petition, and marked "Exhibit B."

4. That the said hearing was not held on March 25, 1922, but was continued from time to time, and May 19, 1922, at 3 P. M., has been finally fixed by the said alderman as the time for the said hearing.

5. That on April 27, 1922, the said Aucott appeared before the said Alderman Leary, waived a summary hearing on the aforesaid charge, and offered adequate and good and sufficient bond in a sum equal to double the amount of the maximum fine that might be imposed, to wit, $50, conditioned for his appearance for trial before a judge of the Court of Quarter Sessions of Delaware County, Pennsylvania, and offered as surety on the said bond the Delaware County Trust Company, which was present by its proper officer and ready and willing to execute the said bond as surety.

6. It thereupon became the duty of the said alderman to accept the said bail bond as offered, but the said alderman, notwithstanding said duty, refused to accept said bond or permit the said Aucott to waive a hearing before the said alderman, but then and there notified the said Aucott that he (the said alderman) would proceed with a hearing of the said Aucott before the said alderman.

7. That the duty of the said alderman in the premises is distinctly defined by section 33 of the Motor Vehicle Act of June 30, 1919, P. L. 678, as amended by the Act of May 16, 1921, P. L. 582, which provides, inter alia: "That any person accused of violating any of the provisions of this act may waive the summary hearing and give bonds in a sum equal to double the amount of the maximum fine that might be imposed for appearance for trial before a judge of the Court of Quarter Sessions, or in the county court, or in the municipal court in counties where such courts exist, and thereupon the burgess, magistrate, alderman or justice of the peace shall, within fifteen (15) days, return the complaint or information to the said court."

8. That your petitioner is without other and specific remedy at law, and, therefore, prays that a writ of mandamus be granted and issued against the said William J. Leary, alderman, the defendant above named, directing him to accept sufficient and proper bond from the said Harold Thomas Aucott at or before May 19, 1922, at 3 P. M., the time fixed by the said alderman for a hearing on the aforesaid charge; and further directing that, in the event of such bond being so furnished, the said alderman shall not proceed with a hearing of the said Harold Thomas Aucott on the aforesaid charge.

*J. B. Weeks*, for petitioner.

JOHNSON, P. J., May 19, 1922.—And now, May 19, 1922, let writ of peremptory mandamus issue as within.        From A. B. Geary, Chester, Pa.

2 D. & C.